```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

TRADE-WINDS ENVIRONMENTAL                       CIVIL ACTION
RESTORATION, INC.
                                                NO. 06-3299
VERSUS
                                                SECTION B(2)
FRANK STEWART, JR,
STEWART DEVELOPMENT, L.L.C., AND
STIRLING PROPERTIES, INC.


## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Extend Time for Filing Case-Dispositive Motions. (Rec. Doc. 234). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Extend Time for Filing Case-Dispositive Motions (Rec. Doc. 234) is **DENIED.**

## BACKGROUND

This case involves alleged nonpayment for mold remediation services performed following Hurricane Katrina and a counterclaim by Defendants accusing Plaintiff of fraud and overcharging. Plaintiff is an out of state contractor who was not licensed in Louisiana at the time the parties entered into a mold remediation contract on September 22, 2005. Plaintiff applied for a Louisiana license on September 28, 2005 and received said license on February 16, 2006. On January 24, 2008, this Court granted Defendants' Motion for Partial Summary Judgment, holding the September 22, 2005

1

contract between the parties null and void. (Rec. Doc. 107 at 14). The Court's ruling was based upon Louisiana law rendering null and void contracting agreements entered into without the benefit of a contractor's license. *See id.* at 5-6 (reviewing Louisiana contractor laws, La. Rev. Stat. §§ 37:2150-2173 and 37:2181-2192, and citing Louisiana case law). The Court noted that although the Governor of Louisiana has the power to issue executive orders suspending regulatory statutes in response to emergencies or disasters and that the Governor has issued such orders suspending licensing laws pertaining to debris removal in the aftermath of natural disasters preceding Hurricane Katrina, Governor Blanco issued no such order following Hurricane Katrina.

The Court also considered the affidavit of Charles Marceaux, the Executive Director of the Louisiana State Board of Licensing for Contractors, the state administrative body that ensures compliance with the license requirements for contractors and mold remediation. *See* La. Rev. Stat. §§ 37:2150-:2151. The Marceaux affidavit articulated the Licensing Board's decision to "delay active and aggressive enforcement of licensure laws pertaining to debris removal and demolition for a period of 90 days."[1] (Marceaux

---

[1] Marceaux's affidavit stated that following hurricanes in previous years, Governor Foster had issued executive orders declaring the suspension of licensing laws pertaining to debris removal. Acknowledging that Governor Blanco had issued no such order in the aftermath of Hurricane Katrina, the affidavit went on state that "in the absence of Executive Orders from the Governor's Office and based upon historical precedent, the Louisiana State Board of Licensing for Contractors decided to delay active and aggressive enforcement of licensure laws pertaining to debris removal and demolition for

2

Affid. ¶ 8, Rec. Doc. 104-4). The Court found that an agency's decision not to enforce "does not negate the force of law of the underlying statutory requirements that such an agency is created to enforce." (Rec. Doc. 107 at 11). The Court continued, "[T]he Board's policy of lax enforcement, while likely a valid exercise of administrative power, did not change the fact that the statutes in place still represented the legal requirements for contractors in order to enter into valid contracts . . . . at the time the contract was entered into, Trade-Winds was still prohibited by Louisiana law from contracting to perform mold remediation. Thus, the Court finds . . . the contract is null and void." *Id*. The Court later denied Plaintiff's Motion for Certification and to Amend Judgment, finding that the January 24, 2008 Order "granting partial summary judgment in favor of Defendant on the grounds that the contract between the parties was null and void does not contain controlling issues of law as to which there are substantial grounds for difference of opinion." (Rec. Doc. 128).

---

a period of 90 days, more particularly from September 1, 2005, through December 1, 2005." Marceaux Affid. ¶ 8. Additionally, the affidavit stated that the Board "did not take any aggressive action concerning enforcement of licensure laws during the 90 day suspension period...." Marceaux Affid. ¶ 9. The affidavit went on to state that the Board "posted information on its website...pertaining to licensing laws in State of Louisiana [sic] and the requirement that Contractors must apply for a license," however, the Board "decided to take a common sense approach which resulted in the Board's decision to delay active and aggressive enforcement of licensure laws...." Marceaux Affid. ¶ 10. Finally, the affidavit stated that during the suspension, the Board still "took such action as it believed necessary if the facts appeared that the actions of a contractor would be detrimental to the public (no such action having been taken by the Board with regard to Trade-Winds Environmental Restoration, Inc)." Marceaux Affid. ¶ 16.

Subsequent to this Court's ruling that the contract at issue is null and void, the Civil District Court for the Parish of Orleans, State of Louisiana, denied a similar motion for summary judgment in a different case involving post-Katrina contracts with out of state contractors and subcontractors who were licensed in other states. In its August 4, 2008 Reasons for Judgment, the civil district court in *The Happy Closing, LLC v. Chestnut Properties, LLC*, Case No. 2006-2549, found that Governor Blanco's August 26, 2005 declaration of the State of Emergency throughout the State of Louisiana due to the threat of Hurricane Katrina made effective and applicable provisions of the Louisiana Homeland Security and Disaster Act, in particular those provisions providing for the "emergency reciprocity" of licenses. See La. Rev. Stat. § 29:733(C)(4) and § 29:751(C)(V).[2] The court therefore deemed the

---

[2]La. Rev. § 29:733(C)(4) provides:

> Whenever any person holds a license, certificate, or other permit issued by any state evidencing the meeting of qualifications for professional, mechanical, or other skills, such person may render aid involving such skill in any party state to meet an emergency or disaster and such state shall give due recognition to such license, certificate, or other permit as if issued in the state in which aid is rendered.

La. Rev. Stat. § 29:751(V) provides:

> Whenever any person holds a license, certificate or other permit issued by any party state to the compact evidencing the meeting of qualifications for professional, mechanical, or other skills, and when such assistance is requested by the receiving party state, such person shall be deemed licensed, certified, or permitted by the state requesting assistance to render aid involving such skill to meet a declared emergency or disaster, subject to such limitations and conditions as the governor of the requesting state may prescribe by executive order or

4

contractors, who were licensed in other states, "to be licensed and certified or permitted by Louisiana to render assistance in there [sic] respective fields." On February 18, 2009, the Louisiana Fourth Circuit Court of Appeal, in a 3-2 decision, denied the *Happy Closing* defendants' writ application. *Happy Closing, LLC v. Chestnut Properties*, Case No. 2008-1154, writ denied February 18, 2009.

The Fifth Circuit, in another case involving work performed by Plaintiff Trade-Winds, is presently considering this point of Louisiana law regarding the validity of contracts entered into with contractors not licensed in Louisiana following Hurricane Katrina. *Trade-Winds Environmental Restoration, Inc. v. St. Tammany Park, LLC and Colony Insurance Co.*, Case No. 08-30729. The Fifth Circuit held oral argument on April 29, 2009, but has not yet issued an opinion.

Plaintiff Trade-Winds asserts that the Civil District Court's Reasons for Judgment denying the motion for summary judgment in *Happy Closing* constitutes "the current substantive Louisiana law" on the licensing issue and contract issues. Plaintiff goes on to request that this Court extend the deadline for filing case-dispositive motions until after a ruling has been issued by the Fifth Circuit in the *Trade-Winds v. St. Tammany Park* case.

---

otherwise.

Plaintiff cites no law, other than a general reference to *Erie*, why the Court should grant such an open ended extension of the dispositive motion deadline in a case set for pre-trial conference on July 9, 2009 and trial on August 3, 2009.

Defendants point out that the reciprocity reasoning utilized by the *Happy Closing* court has never been raised by Plaintiff in the present proceeding. Defendants further assert that Plaintiff has exaggerated the importance of the trial judge's reasons for denying summary judgment and argue that the order is neither *res judicata* nor the law of the case with respect to the issues addressed in that motion. *See VaSalle v. Wal-Mart Stores, Inc.*, 2001-0462 (La. 11/28/01). Defendants also point out that the Fourth Circuit Court of Appeal's denial of defendants' writ application did not create precedential authority and further note Judge Bonin's concurrence in the denial of the defendants' writ application stating that the "trial judge's reasons for denying the partial summary judgment should not implicate 'law of the case' concerns." *Happy Closing, LLC v. Chestnut Properties*, Case No. 2008-1154, writ denied February 18, 2009; *see Toston v. Pardon*, Case No. 2002-0451 (La. 2/13/02); 809 So.2d 973, and *In re Quirk*, 97-1143 (La. 12/12/97); 705 So.2d 172, 182 n.17 ("a writ denial is not authoritative and does not make law").

## DISCUSSION

Validity of the contract at issue in this case has been

decided by the Court's January 24, 2008 grant of Defendants' motion for partial summary judgment. (Rec. Doc. 107). The Court also denied Plaintiff's motion requesting certification for appeal of that order. (Rec. Doc. 128). While Plaintiff has expressed a desire to file another motion addressing the licensing and contract issue in the event the Fifth Circuit's ruling on the issue contradicts this Court's reasoning finding the contract null and void, Plaintiff is not filing such a motion at this time. As Defendants pointed out in their memorandum in opposition, there are a myriad of possible procedural events that may occur in the cases cited by Plaintiff and other cases involving similar issues. The Court sees no reason at this time to grant an open-ended extension for the submission of case dispositive motions. The Court's September 30, 2008 Preliminary Pre-trial Order allows parties to file a motion outside of specified deadlines for good cause. (Rec. Doc. 208). Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Extend Time for Filing Case-Dispositive Motions (Rec. Doc. 234) is **DENIED.**

New Orleans, Louisiana, this 4th day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE