```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| TRADE-WINDS ENVIRONMENTAL RESTORATION, INC. | CIVIL ACTION |
| VERSUS | NO: 06-3299 |
| FRANK STEWART DEVELOPMENT, JR., STEWART DEVELOPMENT, LLC, AND STIRLING PROPERTIES INC. | SECTION: B(2) |

## ORDER AND REASONS

**IT IS ORDERED** that Defendants', Frank Stewart and Paulette Stewart, Motion For Partial Summary Judgment (Rec. Doc. No. 313)is **GRANTED**. The Motion is opposed (Rec. Doc. No. 335).

A similar motion for partial summary judgment by Defendant Stewart Development was granted on January 28, 2008 (Rec. Doc. No. 107). The Court found that the contract between Trade-Winds and Stewart Development was null and void because it was entered into at a time when Trade-Winds did not have a valid mold remediation license. Subsequently, Defendants Stewart individually adopted the legal argument previously advanced by Defendant Stewart Development which served as the basis for the Court's Order granting partial summary judgment in favor of Stewart Development.

However, the Court its in April 16, 2008 Order (Rec. Doc. No. 146) denied Defendant's Motion for Partial Summary Judgment without prejudice to re-urge once further discovery is undertaken on the claims against Frank Stewart individually. In the instant motion for partial summary judgment the Defendants are seeking this Court

to issue a ruling in this case that is consistent with its prior ruling in the building litigation (Rec. Doc. No. 107). The Court in it's prior Order (Rec. Doc. No. 146) stated that:

> the determinative fact regarding the Bellaire property contract is when the contract was formed. If, as Plaintiff's complaint suggests, it was entered into at the same time as the contract pertaining to Heritage Plaza, then the Bellaire property contract would be null and void because of Trade-Winds' license status at that time.

In the present case, the Court has already held that in Louisiana, a contracting agreement entered into without benefit of a contractor's license is null and void. *Hagberg v. John Bailey Contractor*, 435 So.2d 580, 584-85 (La. App. 3 Cir. 1983); *Alonzo v. Chifici*, 526 So.2d 237, 243 (La. App. 5th Cir. 1988); *see also West Baton Rouge Parish Sch. Bd. v. T.R. Ray. Inc.,* 367 So.2d 332, 334 (La. 1979). Thus, under the theory of unjust enrichment, a party who seeks to enforce such a contract may only receive damages for the actual costs of materials, services, and labor. *Alonzo,* 526 at 243.

Defendants entered into a contract with Trade-Winds on February 3, 2006, after the work on the Residence had already been completed. Trade-Winds was not licensed to perform contracting or mold remediation contracting work in Louisiana when it commenced work on the Residence, at any time during that work, or when it entered into the agreement on February 3, 2006. As such, it is clear that the Louisiana Contractor Licensing requirements were not officially suspended by the decision to not aggressively enforce

2

the laws.  It is also clear that Trade Winds completed work on the Residence between December 19, 2005, to January 20, 2006, but did not obtain a license until February 16, 2006.  The Court under nearly identical circumstances found that contracts without the benefit of a license, in violation of the Louisiana Contractor Licensing laws, are null and void.  There is no dispute of material fact on this issue.  Therefore, movant is entitled to summary judgment in its favor.

New Orleans, Louisiana this 8th day of April, 2010.

UNITED STATES DISTRICT JUDGE