UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRADE-WINDS ENVIRONMENTAL RESTORATION, INC. | CIVIL ACTION |
| VERSUS | NO: 06-3299 |
| FRANK STEWART DEVELOPMENT, JR., STEWART DEVELOPMENT, LLC, AND STIRLING PROPERTIES INC. | SECTION: B(2) |

## ORDER AND REASONS

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment as to the applicability of Louisiana's "emergency reciprocity of licenses" statutes (Rec. Doc. No. 306), opposed by Defendants (Rec. Doc. No. 319), is **DENIED**.

## DISCUSSION

Citing LSA R.S. 29:733(C)(4) and LSA R.S. 29:751(C)(V) Plaintiff maintains that at the time it performed work under the alleged contract it held licenses, certificates, and permits in various states which permitted it to perform services similar to those done for Defendants. Plaintiff also reiterates it subsequently received a Louisiana license.

Defendants allege that Plaintiff is attempting to advance a new legal argument that it previously failed to present to this Court. (Rec. Doc. No. 319, p. 5). Defendant contends that the compacts cited by Plaintiff are not applicable to this case in that they are agreements to provide aid "among the states" and therefore do not apply to private contracts. (Rec. Doc. No. 319, p. 13).

Additionally, Defendant argues that pursuant to Louisiana statutory licensing requirements, Defendant's alleged contract with Plaintiff, an unlicensed contractor, is absolutely null and not susceptible to ratification. (Rec. Doc. No. 319, p. 15).

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

Plaintiff argues that the September 22, 2005 Advanced Work

Authorization with Defendant is a valid and enforceable contract under Louisiana law.  This Court has previously ordered otherwise and has limited Plaintiffs recovery to damages under the theory of unjust enrichment.  *See* Rec. Doc. No. 107.

A partial summary judgment order pursuant to federal Rule of Civil Procedure 56(d) is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case.  *Federal Deposit Insurance Corp. v. Massingill*, 24 F.3d 768, 774 (5th Cir. 1994).  As such, a partial summary judgment is interlocutory in nature and is subject to revision by the district court.  *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414 (5th Cir. 1993); *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 (5th Cir. 1986).  Due to the nature of summary judgment as a means to narrow and focus the issues for trial, a district court must have considerable discretion in determining when reconsideration is warranted.  *Calpetco 1981*, 989 F.2d at 1415.

Although Plaintiff titles its Motion for Summary Judgement as one seeking a determination that Louisiana's "emergency reciprocity of licenses" statutes are applicable here, a thorough reading of Plaintiff's motion and this Court's order of January 24, 2008 suggests that Plaintiff is seeking this Court to reconsider its ruling by raising arguments not presented prior to the ruling.  This Court has already thoroughly analyzed and discussed the

3

matters at issue in Plaintiff's motion concluding that "at the time the contract was entered into, Trade-Winds was still prohibited by Louisiana law from contracting to perform mold remediation." (Rec. Doc. No. 107, p. 11). Thus, this Court found the contract to be null and void and subsequently limited Plaintiff's recovery to damages under the theory of unjust enrichment. Plaintiff has not introduced newly discovered evidence that would warrant reconsideration of the noted ruling two years ago. The late legal arguments advanced in the instant motion do not constitute an exceptional circumstance warranting reconsideration. *Simon v. U.S.,* 891 F.2d 1154 (5th Cir. 1990); *Briddle v. Scott,* 63 F.3d 364, 380 (5th Cir. 1995).

New Orleans, Louisiana this 8th day of April, 2010.

UNITED STATES DISTRICT JUDGE