| | |
|---|---|
| **TRADE-WINDS ENVIRONMENTAL RESTORATION, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-3299** |
| **FRANK STEWART DEVELOPMENT, JR., STEWART DEVELOPMENT, LLC, AND STIRLING PROPERTIES INC.** | **SECTION: B(2)** |

## ORDER AND REASONS

Before the Court are Defendants' and counter-plaintiffs, Stewart Development, LLC ("Stewart") and Travelers Indemnity Company of Connecticut ("Travelers") (collectively "Defendants") Motion For Partial Summary Judgment (Rec. Doc. No. 305). The Motion is opposed (Rec. Doc. No. 320). For the following reasons, the Motion for Partial Summary Judgment is **DENIED.**

## BACKGROUND

The Court is already quite familiar with the facts of this case and the relief sought by Defendants. (Rec. Doc. Nos. 107, 206).

## DISCUSSION

### A.    Standard for Summary Judgment

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

A partial summary judgment order pursuant to federal Rule of Civil Procedure 56(d) is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case. *Federal Deposit Insurance Corp. v. Massingill*, 24 F.3d 768, 774 (5th Cir. 1994). As such, a partial summary judgment is interlocutory in nature and is subject to revision by the district court. *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414 (5th Cir. 1993); *Avondale*

*Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 (5th Cir. 1986). Due to the nature of summary judgment as a means to narrow and focus the issues for trial, a district court must have considerable discretion in determining when reconsideration is warranted. *Calpetco 1981*, 989 F.2d at 1415.

Defendants argued in their prior Motion for partial summary judgment ("MPSJ") in 2008 and in the present MPSJ that the "no recovery" provision in the second paragraph of Article 2033 prohibited Defendants from recovering from Trade Winds the amounts by which the Defendants' prior payments exceeded Trade-Winds' actual cost of materials, services, and labor on this project. However, the Court in it's prior order and reasons (Rec. Doc. No. 206)concluded:

> [T]he proper question for determining whether Defendants are precluded under Art. 2033 from recovering amounts already paid is whether Defendants entered into the contract in bad faith, and whether they knew or should have known that as a result of Trade-Winds' lack of a license, the contract would be deemed a nullity.

Defendants further argue that this is an impossible burden for Trade-Winds to pass. However, the Court in its prior order and reasons denied the cross motions for summary judgment on the application of Louisiana Civil Code Article 2033 (Rec. Doc. No. 160)finding that:

> Although the Plaintiff contends that Defendants were clearly aware of the fact that Trade-Winds lacked a license at the time the contract was formed, the Court finds that whether Defendants knew or should have known is a question of fact. *See Pique Severn Ave. P'Ship v. Ballen,* 773 So.2d 179, 181

3

(La. App. 5th Cir. 2000).

As such, while Defendants titles its MPSJ as one seeking a
determination that Louisiana's Article 2033 is applicable, a
reading of Defendants' motion, Plaintiff's opposition,
and the Court's prior order (Rec. Doc. No. 206) reveal that
Defendant is asking  reconsideration of the prior ruling by
raising arguments not presented prior to that ruling. Reconsideration
or summary judgment is not warranted. Further, there remains material
factual disputes relative to the intentions and knowledge of defendants
on the licensing issue.  We should note however that
Article 2033 and its legislative intent, in clarifying its scope, would
appear more applicable to the current record.

New Orleans, Louisiana this 8th day of April, 2010.


_____
UNITED STATES DISTRICT JUDGE